**O**

1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8

9    BIKRAM'S YOGA COLLEGE OF            Case No. 2:11-cv-5506-ODW(SSx)
     INDIA, L.P.; BIKRAM CHOUDHURY,
10                                       **ORDER GRANTING DEFENDANTS'**
                    Plaintiffs,          **MOTION FOR PARTIAL**
11          v.                           **SUMMARY JUDGMENT [25]**

12   EVOLATION YOGA, LLC; MARK
     DROST; ZEFEA SAMSON; and DOES 1
13   through 10,

14                  Defendants.

15

16                          **I.    INTRODUCTION**

17          Copyrights cover an author's creative expression of facts and ideas—the facts

18   and ideas themselves are not protected.  Defendants Evolation Yoga, LLC, Mark

19   Drost, and Zefea Samson contend that they do not infringe on Plaintiff Bikram

20   Choudhury's copyrights by teaching or performing the yoga sequence described in the

21   copyrighted works.  Choudhury insists that they do infringe; the copyrights are broad

22   and cover not only the actual written or audiovisual works, but the depicted yoga

23   sequence as well—like a pantomime or choreographic work.  The Court concludes

24   that the yoga sequence itself is not covered under Choudhury's copyrights and thus,

25   there can be no infringement.  Accordingly, the Court **GRANTS** Defendants' Motion

26   for Partial Summary Judgment.  (ECF No. 25.)[1]

27   _____

28   [1] Having carefully considered the papers filed in support of and in opposition to this Motion, the
     Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7–15.

## II.   BACKGROUND

Bikram Choudhury developed the Bikram Yoga brand and its yoga system, which includes 26 yoga poses and two breathing exercises that are always performed in the same order, and in the same manner: in a room heated to 105 degree Fahrenheit for precisely 90 minutes.  (Compl. ¶ 17–18.)  Choudhury claims that his yoga system ("Sequence") is capable of helping to avoid, correct, cure, heal, and alleviate the symptoms of a variety of diseases and health issues.  (UF 19–22.)  He began offering Bikram Yoga classes around 1971 at Bikram's Yoga College of India.  (Compl. ¶ 19.)

In 1994, Choudhury created the Bikram Yoga Teacher Training Course. (Compl. ¶ 21.)  Choudhury also wrote different books describing and depicting the Sequence and obtained copyright registrations for them.  (Compl. ¶¶ 31–33.)  In 1979, Choudhury obtained a copyright registration (TX 179-160) for a book titled "Bikram's Beginning Yoga Class."   (Compl. ¶ 31.)   In 2002, he obtained a supplemental registration to his 1979 copyright (TX 5-624-003).  (Compl. ¶ 32.)  He also attempted to register a copyright for "Bikram's Asana Sequence" as a work of the performing arts in 2002—but this was never registered by the Copyright Office.  (Mot. 14.)

Drost and Samson were trainees of Bikram's Course and as a result, became authorized to teach Bikram's Basic Yoga System.  (Compl. ¶¶ 38–39.)  Subsequently, Drost and Samson formed Evolation Yoga, LLC and opened numerous yoga studios, offering yoga classes that utilize the Sequence that Bikram developed without Bikram's authorization.  (Compl. ¶¶ 38, 44, 46, 47.)  As a result, Plaintiffs Bikram's Yoga College of India, L.P. and Bikram Choudhury demanded that Defendants cease and desist from using and teaching Bikram Yoga.  (Compl. ¶ 56.)  Unable to settle their differences, Plaintiffs brought suit against Defendants for: (1) copyright infringement; (2) trademark infringement;  (3) false designation of origin; (4) dilution; (5) unfair competition; (6) unfair business practices; (7) breach of contract; and (8) inducing breach of contract.  Plaintiffs also claim that such violations were willful. (Compl. ¶¶ 59, 69, 74, 77, 79.)

Defendants now ask the Court to grant their Motion for Partial Summary Judgment for noninfringement of Choudhury's copyrights as to their use of the taught Sequence.

### III.   LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial.  *Id.*; Fed. R. Civ. P. 56(c).  Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.  *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative.  *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).  A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

---

[2] Plaintiffs wrongly argue that the Court may not grant summary judgment on a portion of a claim. (Opp'n 8.)  The Court is not limited to disposing of entire claims on summary-judgment motions. Federal Rule of Civil Procedure 56 allows the Court to grant summary judgment on "part of each claim or defense."  The Supreme Court noted, "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323–24 (1986).

## IV.    DISCUSSION

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright in the infringed work, and (2) copying of the copyrighted work's original elements.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiffs claim that they have copyrights for Choudhury's books, audiovisual works, and the Sequence.  (Compl. ¶ 27–33.)

The issue in this Motion is whether the Sequence created by Choudhury is protected under one of his various copyrights.[3]  But there are two reasons why the Sequence is not copyrighted: 1)  Choudhury's copyrights cover his literary and audiovisual works—but only his expression of the facts and ideas contained within, and not the facts and ideas themselves; and 2) even though Choudhury's works describe the Sequence (and teach one how to do it), a compilation of exercises or yoga poses itself does not fall into any of the copyrightable categories under 17 U.S.C. § 102(a) and is not copyrightable under § 102(b) because it is a system or procedure.

### A.    Copyrights cover creative expressions, not facts or ideas

Defendants do not presently dispute the validity of Choudhury's copyrights. Instead, they point out that the copyright registrations are only for his books and audiovisual works, which depict and describe the Yoga Sequence.  (Choudhury Decl. Exs. H, I, O, U.)   The copyright office did not issue to Choudhury a copyright registration for a pantomime or choreographic work, exercise routine, or compilation of postures.  Plaintiffs contend that the Supplemental Registration TX 5-624-003 is a registration for the Sequence.  (Opp'n 9); (Choudhury Decl. Ex. N.)  This is not true. This registration is for a supplement to the 1979 copyright for Choudhury's book, adding the notation that Choudhury is the author of a "compilation of exercises."  (*Id.*) In other words, the supplemental registration clarifies that Choudhury's contribution includes the Sequence; not that the registration was for the Sequence itself.

---

[3] For this Motion, the Court assumes that Choudhury created the Sequence by modifying traditional yoga exercises and does not reach the issue of originality.

But Plaintiffs assert that the copyrights cover the Sequence.  (Opp'n 9.)  That is, anyone performing the Sequence, as taught by Choudhury's books and videos, commits copyright infringement.  But this argument is tenuous—facts and ideas within a work are not protected; only an author's expression of them is.  *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).  The Sequence is a collection of facts and ideas.[4]  There is a distinction between a creative work that compiles a series of exercises and the compilation of exercises itself.  The former is copyrightable, the latter is not.  *See Feist*, 499 U.S. at 357 ("Facts are never original, so the compilation author can claim originality, if at all, only in the way the facts are presented.").

**B.    A system of exercises or yoga poses is not copyrightable subject matter**

Moreover, only certain categories of creative works may be copyrighted.  Under 17 U.S.C. § 102(a), copyright protection subsists in original works of authorship, which are limited to these categories: (1) literary works; (2) musical works; (3) dramatic works; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works.  The Sequence itself does not fall into any of these categories.

The Sequence—Choudhury's compilation of exercises and yoga poses (and not the book or videos depicting the compilation)—is merely a procedure or system of exercises.  Regardless of the categories enumerated in § 102(a), copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  17 U.S.C. § 102(b).  According to the Copyright Office, a "compilation of yoga poses may be precluded from registration as a functional system or process in cases where the particular movements

---

[4] Plaintiffs argue that the Copyright Office has issued copyright registrations for facts and ideas, such as the TAE-BO exercise program.  (Opp'n 13.)  Those copyrights are not before the Court in this case—they may be invalid copyrights.  Thus, the Court declines to consider those copyright registrations with respect to the copyrightability of the Sequence.

and the order in which they are to be performed are said to result in improvements in one's health or physical or mental condition."[5]  77 Fed. Reg. 37605, 37607 (June 22, 2012).  Choudhury admits that the Sequence helps to prevent, cure, and alleviate disease.  UF 19–22.  The Court can only conclude that the Sequence is a system or process that is not copyrightable subject matter under § 102(b).

But Plaintiffs contend that the Sequence is at least copyrightable as a pantomime or a choreographic work because the Sequence consists of "significant gestures without speech."  1 Nimmer § 2.07[A] at 2-67; (Opp'n 14.)  However, Congress contemplated copyright protection for dramatic works to be something significantly more than what Plaintiffs offer here:

> Congress has stated that the subject matter of choreography does not include "social dance steps and simple routines."  H.R. Rep. 94-1476 at 54 (1976).  A compilation of simple routines, social dances, or even exercises would not be registrable unless it results in a category of copyrightable authorship.  A mere compilation of physical movements does not rise to the level of choreographic authorship unless it contains sufficient attributes of a work of choreography.  And although a choreographic work, such as a ballet or abstract modern dance, may incorporate simple routines, social dances, or even exercise routines as elements of the overall work, the mere selection and arrangement of physical movements does not in itself support a claim of choreographic authorship.  77 Fed. Reg. 37605, 37607 (June 22, 2012).

---

[5] Plaintiffs argue that the Court should give little deference to the Copyright Office's Statement of Policy because the Copyright Office did "not produce records explaining the recent shift or even identify those records so that the Court could determine the legitimacy of the Copyright Office's grounds for doing so."  (Opp'n 14, 16.)  But under *Skidmore*, an administrative agency's interpretation merits deference given (1) its specialized experience, broader investigations, and information available to the agency; and (2) the value of uniformity in administrative and judicial interpretations of a statutory scheme.  *Skidmore v. Swift & Co.*, 323 U.S. 134, 139 (1944). The Supreme Court has long recognized that "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations."  *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).  And other courts have generally given weight to the interpretation of a statute by the Copyright Office.  *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am., Inc.*, 836 F.2d 599, 609 (D.C. Cir. 1988).

1       Thus, preferable forms of pantomimes or choreographic works—ones that

2  satisfied the fixation requirement for copyrights—are ones recorded in either the

3  Laban system of notation or as a motion picture of the dance.  1 Nimmer § 2.07[C] at

4  2-70.  Choudhury's copyrighted works are not either of those.  Further, the Sequence

5  of 26 yoga poses hardly seems to fall within the definition of a pantomime or a

6  choreographic work because of the simplicity of the Sequence and the fact that it is

7  not a dramatic performance.

8       And as explicitly explained by the Copyright Office, compilations of

9  exercises—specifically yoga exercises—are not copyrightable:

10      An example that has occupied the attention of the Copyright Office for

11      quite some time involves the copyrightability of the selection and

        arrangement of preexisting exercises, such as yoga poses.  Interpreting

12      the statutory definition of "compilation" in isolation could lead to the

13      conclusion that a sufficiently creative selection, coordination or

        arrangement of public domain yoga poses is copyrightable as a

14      compilation of such poses or exercises.  However, under the policy stated

15      herein, a claim in a compilation of exercises or the selection and

        arrangement of yoga poses will be refused registration.  77 Fed. Reg.

16      37605, 37607 (June 22, 2012).

17

18       Although books or photographs that depict a compilation of exercises may be

19  copyrightable, the "compilation authorship would not extend to the selection,

20  coordination or arrangement of the exercises themselves that are depicted in the

21  photographs or drawings."  *Id.*  In contrast, Plaintiffs argue that the "component parts

22  of a collective work" do not have to be original for the author to copyright the

23  compilation, but it is enough that the collection was selected, coordinated, and

24  arranged in such a way that makes the work as a whole an original work of authorship.

25  (Opp'n 10.)  This is not enough in this instance involving a yoga system.  The

26  Copyright Office made clear that "exercise is not a category of authorship in

27  section 102 and thus a compilation of exercises would not be copyrightable subject

28  matter."  77 Fed. Reg. 37605, 37607 (June 22, 2012).  Thus, even if the manner in

which Choudhury arranged the Sequence is unique, the Sequence would not be copyrightable subject matter because individual yoga poses are not copyrightable subject matter.

## V.   CONCLUSION

For the reasons discussed above, the Court finds that the Sequence is not copyrightable subject matter; and thus, not included within the ambit of Choudhury's various copyrights for his books and audiovisual works.  Defendants cannot be liable for copyright infringement for teaching, using, or performing the Sequence, as described and depicted in the copyrighted works.[6]  Therefore, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

December 14, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[6] In the Motion, the parties do not adequately discuss whether Defendants, in their performance or teaching of the Sequence, orally recite the words contained within the copyrighted book to their yoga students.  For instance, if a novel is read out loud to a public audience (assuming that the portions read are original), this might be considered copyright infringement.  17 U.S.C. § 106(4).  This order does not cover that aspect of infringement and the Court leaves that issue for a later time.