Eric R. Maier (SBN 182808)
Louis E. Shoch (SBN 205557)
MAIER SHOCH LLP
1001 Hermosa Ave., Ste. 206
Hermosa Beach, CA 90254
Telephone:  (310) 994-9480
Facsimile:   (310) 496-0985
EMaier@MaierShoch.com

Attorneys for Defendants and
Counterclaimants EVOLATION YOGA, LLC,
MARK DROST and ZEFEA SAMSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a California limited partnership; BIKRAM CHOUDHURY, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>EVOLATION YOGA, LLC, a New York limited liability company; MARK DROST, and individual; ZEFEA SAMSON, an individual; and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No. CV-11-05506-ODW (SSx)<br><br>Hon. Otis D. Wright, II<br>Courtroom 11<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pretrial Conference<br>Date:             January 7, 2013<br>Time:             2:30 p.m.<br>Courtroom:    11 – Spring Street |
| EVOLATION YOGA, LLC, a New York limited liability company; MARK DROST, and individual; and ZEFEA SAMSON, an individual,<br><br>            Counterclaimants,<br><br>      v.<br><br>BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a California limited partnership; BIKRAM CHOUDHURY, an individual,<br><br>            Counterclaim Defendants. | Complaint filed:   July 1, 2011<br>Trial Date:           January 29, 2013 |

# PLAINTIFFS' CLAIMS

## A.  COPYRIGHT INFRINGEMENT

### 1.  Summary of Claim

Plaintiffs Bikram Choudhury and Bikram's Yoga College of India allege that Defendants Mark Drost, Zefea Samson, and Evolation Yoga LLC have infringed on Bikram Choudhury's copyrights by (1) offering yoga classes in which they use a dialogue that is the same or substantially similar to the dialogue developed by Bikram Choudhury to lead students through a series of yoga postures and breathing exercises used in yoga classes offered by Plaintiffs; and (2)  copying teacher-training materials developed by Bikram Choudhury for use in their own teacher-training courses.

### 2.  Elements Required To Establish Claim

> i.  The plaintiff is the owner of a valid copyright; and

> ii.  The defendant copied original elements from the copyrighted work.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.4 (2007).

### 3.  Summary of Evidence In Opposition To Claim

The testimony of Defendants Mark Drost and Zefea Samson will demonstrate that they have not copied the dialogue or the teacher-training materials developed by Bikram Choudhury.

## B.  TRADEMARK INFRINGEMENT

### 1.  Summary of Claim

Plaintiffs Bikram Choudhury and Bikram's Yoga College of India allege that they are the owners of the following trademarks: (1) BIKRAM YOGA (the name with styled block lettering); (2) BIKRAM'S BEGINNING YOGA CLASS (the name with styled block lettering); (3) BIKRAM'S YOGA COLLEGE OF INDIA (the name with styled block lettering); and (4) the image of Bikram Choudhury performing the spine twist posture.  Plaintiffs allege that Defendants Mark Drost, Zefea Samson, and Evolation Yoga LLC have infringed on one or more of these trademarks.

2.    <u>Elements Required To Establish Claim</u>

     i.     the alleged trademarks are valid, protectable trademarks or service marks;

     ii.    Plaintiffs own the trademarks or service marks;

     iii.   Defendants used the trademarks or similar marks without Plaintiffs' consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or services.

*See* 9th Circuit Model Instructions (2007) 15.5.

3.    <u>Summary of Evidence In Opposition To Claim</u>

The testimony of Defendants Mark Drost and Zefea Samson will demonstrate that they have not used Plaintiffs' trademarks or similar marks in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or services.  Among other things, Defendants do not use Plaintiffs' name, logo, or any similar names or logos, in their own name or in their signage.

4.    <u>Affirmative Defense</u>

Defendants have asserted the affirmative defense of fair use of trademarks.

5.    <u>Elements Required To Establish Affirmative Defense</u>

     i.     The defendant used the mark other than as a trademark;

     ii.    The defendant used the mark fairly and in good faith;

     iii.   The defendant used the mark only to describe the defendants' goods or services as those of the defendants'.

9th Circuit Model Instructions (2007) 15.22.

6.    <u>Summary of Evidence Supporting Affirmative Defense</u>

The testimony of Defendants Mark Drost and Zefea Samson, and printed pages from Defendants' website will demonstrate that to the extent Defendants used any of Plaintiffs' trademarks (which Defendants deny doing), such use was only for the

purpose of describing  Defendants' training and influences in yoga, and/or to describe the services offered by Defendants.

## C.   FALSE DESIGNATION OF ORIGIN

### 1.   Summary of Claim

Plaintiffs allege that in connection with Defendants' yoga business, Defendants have used words, terms, names, symbols, or a combination thereof to create the false impression that Defendants' yoga classes are affiliated with or endorsed by Plaintiffs.

### 2.   Elements Required To Establish Claim

> i.   the Defendants, on or in connection with any goods or services, used in commerce any word, term, name, symbol, device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact;
>
> ii.   which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by the public.

*See* 15 U.S.C. § 1125(a).

### 3.   Summary of Evidence In Opposition To Claim

The testimony of Defendants Mark Drost and Zefea Samson will demonstrate that they have not used Plaintiffs' trademarks or similar marks in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or services.  Among other things, Defendants do not use Plaintiffs' name, logo, or any similar names or logos, in their own name or in their signage.

### 4.   Affirmative Defense

Defendants have asserted the affirmative defense of fair use of trademarks.

Maier Shoch LLP

3

5.  Elements Required To Establish Affirmative Defense

   i.  The defendant used the mark other than as a trademark;

   ii.  The defendant used the mark fairly and in good faith;

   iii.  The defendant used the mark only to describe the defendants' goods or services as those of the defendants'.

9th Circuit Model Instructions (2007) 15.22.

6.  Summary of Evidence Supporting Affirmative Defense

The testimony of Defendants Mark Drost and Zefea Samson, and printed pages from Defendants' website will demonstrate that to the extent Defendants used any of Plaintiffs' trademarks (which Defendants deny doing), such use was only for the purpose of describing  Defendants' training and influences in yoga, and/or to describe the services offered by Defendants.

**D.  TRADEMARK DILUTION**

1.  Summary of Claim

Plaintiffs allege that in connection with Defendants' yoga business, Defendants have used Plaintiffs' trademarks in a manner that has diluted the quality of the trademarks.

2.  Elements Required To Establish Claim

   i.  the plaintiff owns a trademark;

   ii.  the mark is famous;

   iii.  the defendant is making a commercial use of the mark in commerce;

   iv.  the defendant's use began after the mark became famous;

   v.  the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services.

*See* 15 U.S.C. § 1125(c)(1).

Maier Shoch LLP

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

3.     Summary of Evidence In Opposition To Claim

The testimony of Defendants Mark Drost and Zefea Samson will demonstrate that they have not used Plaintiffs' trademarks or similar marks in a manner that dilutes the quality of the mark.  Among other things, Defendants do not use Plaintiffs' name, logo, or any similar names or logos, in their own name or in their signage.

4.     Affirmative Defense

Defendants have asserted the affirmative defense of fair use of trademarks.

5.     Elements Required To Establish Affirmative Defense

i.     The defendant used the mark other than as a trademark;

ii.    The defendant used the mark fairly and in good faith;

iii.   The defendant used the mark only to describe the defendants' goods or services as those of the defendants'.

9th Circuit Model Instructions (2007) 15.22.

6.     Summary of Evidence Supporting Affirmative Defense

The testimony of Defendants Mark Drost and Zefea Samson, and printed pages from Defendants' website will demonstrate that to the extent Defendants used any of Plaintiffs' trademarks (which Defendants deny doing), such use was only for the purpose of describing  Defendants' training and influences in yoga, and/or to describe the services offered by Defendants.

E.     **UNFAIR COMPETITION**

1.     Summary of Claim

The alleged conduct that forms the basis for Plaintiffs' trademark infringement claim also forms the basis for Plaintiffs' claim for unfair competition.

2.     Elements Required To Establish Claim

i.     the alleged trademarks are valid, protectable trademarks or service marks;

ii.    Plaintiffs own the trademarks or service marks;

Maier Shoch LLP

5

iii.    Defendants used the trademarks or similar marks without Plaintiffs' consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or services.

*See* 9th Circuit Model Instructions (2007) 15.5.

3.    Summary of Evidence In Opposition To Claim

The testimony of Defendants Mark Drost and Zefea Samson will demonstrate that they have not used Plaintiffs' trademarks or similar marks in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or services.  Among other things, Defendants do not use Plaintiffs' name, logo, or any similar names or logos, in their own name or in their signage.

4.    Affirmative Defense

Defendants have asserted the affirmative defense of fair use of trademarks.

5.    Elements Required To Establish Affirmative Defense

i.    The defendant used the mark other than as a trademark;

ii.    The defendant used the mark fairly and in good faith;

iii.    The defendant used the mark only to describe the defendants' goods or services as those of the defendants'.

9th Circuit Model Instructions (2007) 15.22.

6.    Summary of Evidence Supporting Affirmative Defense

The testimony of Defendants Mark Drost and Zefea Samson, and printed pages from Defendants' website will demonstrate that to the extent Defendants used any of Plaintiffs' trademarks (which Defendants deny doing), such use was only for the purpose of describing  Defendants' training and influences in yoga, and/or to describe the services offered by Defendants.

Maier Shoch LLP

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**F.     BREACH OF CONTRACT**

        1.     <u>Summary of Claim</u>

        Defendants Mark Drost and Zefea Samson participated in yoga teacher training provided by Plaintiffs Bikram Choudhury and Bikram's Yoga College of India. Plaintiffs allege that Mark Drost and Zefea Samson breached their teacher-training agreements by teaching yoga classes at Evolation Yoga using the same sequence of yoga postures that Plaintiffs use in their yoga classes and teacher-training classes.

        2.     <u>Elements Required To Establish Claim</u>

                i.      the existence of the contract;

                ii.     plaintiff's performance or excuse for nonperformance;

                iii.    defendant's breach; and

                iv.     resulting damages.

*See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

        3.     <u>Summary of Evidence In Opposition To Claim</u>

        Zefea Samson will testify that she never signed the teacher-training agreement. The teacher training agreements themselves do not give rise to any obligations on the part of Mark Drost or Zefea Samson (even assuming she is a party to any such agreement) other than the obligation to pay tuition.  Mark Drost and Zefea Samson will testify that they paid their tuition in full.

        4.     <u>Affirmative Defense</u>

        To the extent the language of the teacher-training agreements can be interpreted to prevent Mark Drost or Zefea Samson from operating a yoga studio or teaching any particular type of yoga, the agreements are void as an unlawful restraint on trade.

        5.     <u>Element Required To Establish Affirmative Defense</u>

        The teacher training agreement purports to restrain a party to the agreement from engaging in a lawful profession, trade, or business of any kind.  *See* Cal. Bus. & Prof. Code § 16600.

Maier Shoch LLP

7

6.     <u>Evidence Supporting Affirmative Defense</u>

The language of the teacher-training agreement, as interpreted by plaintiffs, purports to limit and restrain defendants' right to operate a yoga studio and/or teach certain types of yoga.

## G.     INDUCING BREACH OF CONTRACT

1.     <u>Summary of Claim</u>

Plaintiffs allege that Defendants have induced unnamed third-parties—allegedly other Evolation Yoga instructors—to breach the teacher-training agreements between them and Plaintiffs.

2.     <u>Elements Required To Establish Claim</u>

     i.     a valid contract between plaintiff and a third party;

     ii.     defendant's knowledge of this contract;

     iii.     defendant's intentional acts designed to induce a breach or disruption of the contractual relationship;

     iv.     actual breach or disruption of the contractual relationship;

     v.     resulting damage.

*Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998).

3.     <u>Summary of Evidence In Opposition To Claim</u>

The identity of the parties to the underlying contracts has not been specified.  In any event, the teacher training agreements themselves do not give rise to any obligations on the part of prospective trainees other than the obligation to pay tuition. Mark Drost and Zefea Samson will testify that they did not engage in any conduct to induce any prospective trainees to breach this or any other obligation.

4.     <u>Affirmative Defense</u>

To the extent the language of the teacher-training agreements can be interpreted to prevent any party to the agreement from teaching any particular type of yoga at a studio other than one affiliated with Plaintiffs, the agreements are void as an unlawful restraint on trade.

5.    Element Required To Establish Affirmative Defense

The teacher training agreement purports to restrain a party to the agreement from engaging in a lawful profession, trade, or business of any kind.  *See* Cal. Bus. & Prof. Code § 16600.

6.    Evidence Supporting Affirmative Defense

The language of the teacher-training agreement, as interpreted by plaintiffs, purports to limit and restrain defendants' right to operate a yoga studio and/or teach certain types of yoga.


Dated:  December 31, 2012                MAIER SHOCH LLP


                                        By:  _____/s/_____
                                                  Eric R. Maier
                                        Attorneys for Defendants/Counterclaimants
                                        EVOLATION YOGA, LLC, MARK DROST,
                                        and ZEFEA SAMSON